# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case Number: 21-cr-00195-TFH |
| | : | |
| DEBORAH SANDOVAL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MOTION TO JOIN AND ADOPT
## CO-DEFENDANT'S MOTION FOR CHANGE OF VENUE

COMES NOW, DEBORAH SANDOVAL, through her court appointed counsel and moves pursuant to *Fed.R.Crim.P.*21(a); to join in and adopt Salvador Sandoval's Motion for Change of Venue (ECF 44).

### *Procedural Posture*

A status hearing was initially scheduled for March 23rd, 2022 at 11:00 am.  However, Ms. Sandoval filed a Motion for Severance (ECF 42) on January 29th, 2022 and a Motion in Limine (ECF 43) on January 31st, 2022.  Thereafter the Court issued a Minute Order on February 4th, 2022 requiring the government to file an Opposition to the Motions no later than February 14th, 2022.  The Defense was given a suspense date of February 21st, 2022 to reply. On February 7th, 2022, Salvador Sandoval filed a Moton for Change of Venue (ECF 45). The forementioned Status Hearing is now scheduled as a motions hearing via *Zoom* before Judge Thomas F. Hogan. Ms. Sandoval now files a Motion to Join and Adopt Mr. Sandoval's Motion to Change Venue.

*Applicable Law*

   The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. *See Berghuis v. Smith*, 559 U.S. 314, 319 (2010) ("The Sixth Amendment secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community."). *Fed.R.Crim.P.*21(a) governs the transfer of criminal cases due to extensive publicity. Under Rule 21(a), on the motion of the defendant, the court must transfer the proceeding to another district if the court is satisfied that the prejudice against the defendant in the original district is so great that the defendant cannot obtain a fair and impartial trial in that district.

*Argument*

A.  *Pre-trial and Trial Publicity.*

   Media coverage of the events occurring on January 6th 2021 has been both extensive and continuous.  Depending on which local media outlet is being viewed in the District of Columbia, most have one thing in common: the condemnation by pundits of the event and the anger over so view of the participants being jailed.  To say that the reporting and commentary is biased, would be too polite a description.  At times some of the reporting has been inflammatory, adding to the divide that has split the country in a way not seen for more than a century.  It is generally recognized that publicity, either before or during a trial, can prejudice jurors and violate a defendant's right to an impartial jury. *See, e.g. Chandler v. Fla.*, 449 U.S. 560, 574 (1981) (any highly publicized criminal trial presents risk of compromising defendant's right to fair trial); *Sheppard v. Maxwell*, 384 U.S. 333, 351 (1966) (jury deliberations should be based on evidence in open court, not external publicity); *See, e.g., United States. v. Brown*, 218 F.3d 415, 423 (5th

Cir. 2000) ("Intense publicity surrounding a criminal proceeding ... poses significant and well-known dangers to a fair trial.").

B.  *The Presumption of Local Bias is Overwhelming and Irrefutable.*

Salvador Sandoval's Motion cites the *Zogby Survey*; which highlights the Presumed Prejudice of any DC jury pool on the question of whether to acquit.  *Zogby's* results square with the Washington Post's Election Analysis which showed President Biden having won the District of Columbia by more than 92%.[1]   Hence, an unbiased group of individuals would be virtually impossible to come by under the current state of affairs and the small geographic area from which the jurors will be selected.  *See, e.g. United States v. Casellas-Toro*, 807 F.3d 380, 387 (1st Cir. 2015) (presumption jury is unbiased overcome because 96% of potential jurors exposed to "massive" and "sensational" media coverage of defendant's prior trial for murder).

### Conclusion

Given the Unending Political Commentary; Inflammatory Local Media Reports; Prejudicial News Reports; Extensive Media Coverage and Pervasive Prejudicial Publicity, there is no way that either defendant can receive a fair and impartial hearing in the District of Columbia.

### Prayer

Wherefore, Deborah Sandoval prays this Honorable Court will grant her motion to Join and Adopt the Motion for Change of Venue to Iowa or another area where publicity about the case is less pervasive and collectively biased against her.

---

[1] https://www.washingtonpost.com/elections/election-results/district-of-columbia-2020/

Respectfully submitted,
ANTHONY D. MARTIN, PC


By:   /S/_____
Anthony D. Martin, 362-537
GREENWAY CENTER OFFICE PARK
7474 Greenway Center Drive, Ste 150
Greenbelt, MD 20770
(301) 220-3700; (301) 220-1625) (fax)


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Join and Adopt the Motion for Change of Venue was sent by e-mail to the following names and addresses appearing below on the date appearing below my signature line:

**Louis Manzo; Trial Attorney**
Department of Justice
1400 New York Ave NW
Washington, DC 20002

**Trever Hook, Esquire**
5000 Westown Parkway, Suite 310
West Des Moines, IA 50266



/S/_____
Anthony D. Martin, 362-537

Tuesday, February 8, 2022

4