UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-195 (TFH) |
| | : | |
| DEBORAH SANDOVAL | : | |
| SALVADOR SANDOVAL, | : | |
| Defendants | : | |

## UNITED STATES' OPPOSITION TO MOTION FOR SEVERANCE

The government opposes Deborah Sandoval's motion to sever (ECF No. 42), which Salvador Sandoval has summarily joined (ECF No. 44).[1] Deborah and Salvador contend that they have been improperly joined, in violation of Federal Rule of Criminal Procedure 8(a), and also seek severance of their trials under Federal Rule of Criminal Procedure 14. These claims are meritless. The Court should deny the motion.

## Statement of Facts

Deborah and Salvador are charged by superseding indictment with entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(l); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); disorderly conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Salvador (Deborah's son) is further charged with obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); civil disorder, in violation of 18 U.S.C. § 231; multiple counts of assaulting a federal law enforcement officer, in violation of 18 U.S.C.

---

[1] To avoid confusion, the government's response refers to defendants by first name: Deborah and Salvador. And because Salvador summarily adopts Deborah's motion, the government's response will address her arguments.

1

§ 111(a)(1); and engaging in physical violence on restricted grounds, in violation of 18 U.S.C. § 1752(a)(4).

These charges stem from Deborah's and Salvador's unlawful conduct at the U.S. Capitol on January 6, 2021. Salvador breached the central doors on the Capitol's east side and proceeded into the Rotunda, where he assaulted a law enforcement officer by stealing a riot shield. Salvador then retreated to the entryway, pushed and grabbed additional law enforcement officers, and exited the Capitol.

Deborah breached the U.S. Capitol through the west-side Senate doors. She was part of the first wave of individuals who entered after rioters pushed through a line of law enforcement officers. Deborah entered Senator Merkley's office, took photographs, traversed through the Crypt, and then exited back through the Senate doors. After arrest, the government retrieved evidence, as described below, from Deborah's phone that it intends to introduce at trial against her and Salvador.[2]

## Discussion

I.  **Deborah and Salvador were properly joined because they participated in the same series of acts.**

Federal Rule of Criminal Procedure 8(b) authorizes joint charges against two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." As the D.C. Circuit recently reaffirmed, "[j]oint trials are preferred in federal criminal cases because they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. Tucker*, 12 F.4th 804, 824 (D.C. Cir. 2021) (internal quotation marks and citation omitted). This "preference … is especially strong when the respective charges require

---

[2] The government is still attempting to unlock Salvador's phone.

presentation of much the same evidence, testimony of the same witnesses, and involve defendants who are charged … with participating in the same illegal acts." *Id*. (internal quotation marks, alteration, and citation omitted).

The propriety of joinder "is determined as a legal matter by evaluating only the indictment [and] any other pretrial evidence offered by the Government." *United States v. Carson*, 455 F.3d 336, 372 (D.C. Cir. 2006 (citation omitted)). Joinder "is appropriate if there is a logical relationship between the acts or transactions so that a joint trial produces a benefit to the courts." *United States v. Spriggs*, 102 F.3d 1245, 1255 (D.C. Cir. 1996) (internal quotation marks and citation omitted)). Defendants need not be charged with conspiracy to be properly joined. *See United States v. Gbemisola*, 225 F.3d 753, 760 (D.C. Cir. 2000). Nor do they need to be charged in the same counts. *See* Fed. R. Crim. P. 8(b) ("The defendants may be charged in one or more counts together or separately.").

The joinder standard is plainly satisfied here. Deborah and Sandoval are charged with four common counts based on their illegal conduct at the U.S. Capitol on January 6, 2021. The government's evidence also overlaps substantially.

First, Deborah documented her and Salvador's unlawful presence on restricted Capitol grounds on her phone:



This photograph shows Deborah's and Salvador's presence, attire, and appearances. At trial, the government will use this photograph to identify Deborah and Salvador on other surveillance video and body-worn camera footage as they moved about the Capitol grounds.

Second, a December 2020 video on Deborah's phone shows her and Salvador driving to Washington, D.C., with Deborah announcing their plan to protest the election. Deborah then asks if Salvador is ready, Salvador nods, and Deborah responds: "It ain't over. The Supreme Court didn't [unintelligible]. It was worded wrong. It will be refiled. But anyway, there is always martial law. Don't concede Trump because we are not going to." This video supplies proof of Deborah and Salvador's shared intent to obstruct the certification of the 2020 Presidential Election by Congress and rebuts any claim that they mistakenly wandered onto restricted Capitol grounds during the certification.

Third, the government's general evidence will overlap on the four common charges. Under 18 U.S.C. § 1752, for instance, the government will prove that the U.S. Capitol Building and grounds were a "restricted area." Similarly, under 40 U.S.C. § 5104, the government will prove that Congress was in session. This proof involves the same witnesses and testimony about the nature of the electoral certification proceeding and the U.S. Capitol security protocols on January 6. Presenting this same evidence in two separate trials would be a waste of judicial resources.

Given the commonalities in the counts and proof, the government properly joined Deborah and Sandoval.  Deborah's cursory assertions to the contrary (ECF No. 42, at 6) lack merit.

## II.     Deborah and Salvador have failed to show that a joint trial would prejudice their rights or impair the jury's factfinding function.

A properly joined defendant may nonetheless request severance of her trial. Federal Rule of Criminal Procedure 14(a) provides that, "[i]f the joinder of ... defendants ... appears to prejudice a defendant ... , the court may ... sever the defendants' trials, or provide any other relief that justice requires." This rule is "permissive" and grants "significant flexibility to determine how to remedy any potential risk of prejudice posed by the joinder of multiple defendants in a single trial." *Tucker*, 12 F.4th at 825 (citation omitted).

In resolving such requests, courts examine whether the separate trials would involve the presentation of the same evidence, the same witnesses, and the same illegal conduct. *See United States v. Manner*, 887 F.2d 317 (D.C. Cir. 1989).  District courts "should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The D.C. Circuit has further

advised that severance should be granted "sparingly because of the strong interests favoring joint trials, particularly the desire to conserve the time of courts, prosecutors, witnesses, and jurors." *United States v. Celis*, 608 F.3d 818, 844 (D.C. Cir. 2010) (citation omitted). Accordingly, severance is not required simply because a defendant might have a better chance of acquittal if tried separately, *see United States v. Halliman*, 923 F.2d 873, 884 (D.C. Cir. 1991), or because "the evidence against one or more defendants is substantially more incriminating than evidence against the defendant seeking severance," *United States v. Gray*, 173 F. Supp. 2d 1, 10 (D.D.C. 2001).

These markers—common evidence, witnesses, and alleged illegal conduct—undermine Deborah's request for severance. "[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice" that Deborah now alleges. *Zafiro*, 506 U.S. at 539.

In response, Deborah asserts (ECF No. 42, at 7) the risk of prejudicial spillover because Sandoval's conduct involved "an assault on our county's democratic foundation." That characterization minimizes her alleged conduct. Deborah trailed a wave of rioters that overwhelmed police guarding the U.S. Senate doors and she entered Senator Merkley's office and took photographs. These actions—by her and others that day—disrupted the joint congressional session that had convened to certify the 2020 Presidential Election.

Deborah separately complains (ECF No. 42, at 7) that Salvador faces multiple assault charges in this proceeding. But a charging disparity does not establish a right to severance. *See, e.g.*, *United States v. Moore*, 651 F.3d 30, 96 (D.C. Cir. 2011) ("[A]lthough Handy and Nunn were alleged to have committed fewer crimes and arguably had a less extensive role in the charged conspiracy than the other defendants tried with them, the disparity of evidence did not rise to a level necessary to mandate severance."). The relevant inquiry turns on whether "the

jury can reasonably compartmentalize the substantial and independent evidence against each defendant." *United States v. Straker*, 800 F.3d 570, 628 (D.C. Cir. 2015). Deborah fails to explain why a properly instructed jury would be unable to compartmentalize its review of the assault-related evidence—namely, Salvador's theft of an officer's riot shield and pushing of other officers—to its deliberations against him. Because this situation does not involve "a *dramatic* disparity of evidence," this Court can "best" address Deborah's spillover concerns "by instructions to the jury to give individual consideration to each defendant." *Moore*, 651 F.3d at 95 (citation omitted).

Deborah's remaining objections merit quick responses. That the government did not charge a conspiracy count (ECF No. 42, at 8-10) does not establish a right to severance. *See Gbemisola*, 225 F.3d at 760. The proffered evidence, showing that Deborah and Salvador traveled to D.C. and appeared together on U.S. Capitol grounds, undermines Deborah's effort (ECF No. 42, at 10) to deny any collaboration or overlapping proof between her and Salvador.

## Conclusion

The Court should deny the motion for severance.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

  /s/ Louis Manzo
LOUIS MANZO
Special Assistant United States Attorney
MASSACHUSETTS Bar Number 688337
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-262-6570
 Email: LOUIS.MANZO@USDOJ.GOV

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this motion was served upon counsels of record for the defendants through the electronic court filing system, this 15th day of March 2022.

By:   /s/   Louis Manzo
Louis Manzo
Special Assistant United States Attorney
Mass Bar 688337
555 4th Street, N.W.
Washington, D.C. 20530
 (202) 262-6570
 Louis.manzo@usdoj.gov