# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-cr-195 (TFH)** |
| | : | |
| **DEBORAH SANDOVAL,** | : | |
| **Defendant** | : | |

## UNITED STATES' OPPOSITION TO DEFENDANT DEBORAH SANDOVAL'S MOTION IN LIMINE

The government opposes Defendant Deborah Sandoval's "Motion in Limine (Testimony, Videos, Photos, Emails, Text Messages)" to exclude certain evidence under rule Federal Rules of Evidence 401, 403, and 404(b)[1] (ECF No. 43).  The defendant seeks to prohibit the government from introducing videos depicting violence and a photo of Deborah with various Proud Boys.

Although Deborah did not directly commit violence on January 6, she was part of a violent riot. Videos depicting violence in and around Deborah are intrinsic to the offense and admissible. In addition, although the photo of Deborah with the Proud Boys is extrinsic, it may be relevant and admissible evidence if defense opens the door.

The court should deny the defendant's motion in part and reserve further ruling until trial.

### Statement of Facts

Deborah and her co-defendant Salvador Sandoval are charged by superseding indictment with entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(l); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); disorderly conduct in a Capitol Building, in violation of 40 U.S.C.

---

[1] In her motion, Sandoval cites Rule 404(b) but misattributes it as Rule 403. *See* ECF 43, at 4.

§ 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Salvador (Deborah's son) is further charged with obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); civil disorder, in violation of 18 U.S.C. § 231; multiple counts of assaulting a federal law enforcement officer, in violation of 18 U.S.C. § 111(a)(1); and engaging in physical violence on restricted grounds, in violation of 18 U.S.C. § 1752(a)(4).

These charges stem from Deborah's and Salvador's unlawful conduct at the U.S. Capitol on January 6, 2021. Salvador breached the central doors on the Capitol's east side and proceeded into the Rotunda, where he assaulted a law enforcement officer by stealing a riot shield. Salvador then retreated to the entryway, pushed and grabbed additional law enforcement officers, and exited the Capitol.

Deborah breached the U.S. Capitol through the west-side Senate doors. She was part of the first wave of rioters who entered after other rioters pushed through a line of law enforcement officers. Deborah entered Senator Merkley's office, took photographs, traversed through the Crypt, and then exited back through the Senate doors. After arrest, the government retrieved evidence, as described below, from Deborah's phone that it may introduce at trial.[2]

## Discussion

### 1) Videos Depicting the Riot within the Restricted Area and Near the Door Breached by Deborah are Intrinsic to the Offense, Highly Relevant, and Probative.

Videos and photographs temporally and geographically proximate to Deborah's breach of the Capitol are intrinsic to the offense and admissible. "A threshold question in determining the admissibility of evidence of other crimes and bad acts is whether the evidence, in actuality, relates to acts unconnected with those for which the defendant is charged, or instead is

_____

[2] The government is still attempting to unlock Salvador's phone.

intertwined with the commission of charged crimes*." United States v. Machado-Erazo*, 901 F.3d 326, 333–34 (D.C. Cir. 2018). Acts "extrinsic" to the crime charged are subject to Rule 404(b)'s limitations; acts "intrinsic" to the crime are not. *Id.* (citing *Bowie,* 232 F.3d at 927; *see also United States v. Mahdi*, 598 F.3d 883, 891 (D.C. Cir. 2010)). Evidence that is "intrinsic" to the charged crimes is not subject to Rule 404(b) because, by its very nature, it does not involve *other* crimes and bad acts, and thus there is no concern that it might be used as improper character evidence. *United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 148 (D.D.C. 2020). The D.C. Circuit has identified two circumstances encompassing intrinsic evidence: the evidence "is either 'of an act that is part of the charged offense' or is of 'acts performed contemporaneously with the charged crime ... if they facilitate the commission of the charged crime.'" *Id.* at 159 (citing *United States v. Moore*, 651 F.3d 30, 63 (D.C. Cir. 2011)).

Videos depicting the violence surrounding Deborah as she breached the west side Senate doors is extrinsic admissible evidence. By approximately 2:45 PM on the west side of the Capitol, thousands of rioters, the defendant among them, had broken through police barricades and forced their way up to the steps of the Capitol. Outside the Capitol, near the doors on the Senate side, rioters scaled scaffolding in one of the indelible images of the day as pictured below:



Just inside the west side Senate doors, law enforcement made a last stand against the force and violence of the rioters. Closed circuit video captured the final moments before the rioters pushed through at approximately 2:48 PM, as pictured below:



Approximately one minute after the rioters finally breached the police line, Deborah Sandoval breached the Capitol herself while holding her cell phone high.

Deborah now moves to preclude "certain photos and videos depicting violence." Videos and photos taken in both the geographical and temporal presence of the defendant are relevant to the defendant's intent and state of mind and are thus intrinsic to the offense. Consistent with

most government buildings, the Capitol is open to the public at certain times (e.g. business hours) through certain means (e.g. a tour). At those times, an individual may have a lawful right to be present in the Capitol. It will be the government's burden at trial to show that the defendant did not have a lawful right to be present at the Capitol during the riots of January 6 and that defendant did not enter the Capitol by mistake, accident, or have a good-faith belief that her entry and presence was lawful.

Consistent with *United States v. Oseguera Gonzalez*, videos depicting violent acts surrounding Deborah as she prepared to and did breach the Capitol building are admissible intrinsic evidence because those videos speak to whether she knew she entered a restricted building or grounds without lawful authority. Videos from in and around the Senate doors leading up to the defendant's breach depict the moment for what it was: a riot. They show that any reasonable person would understand that he/she had no right to lawfully enter the building. The defense is free to cross-examine any witness about whether Deborah committed violence or to request a limiting instruction. However, prohibiting the introduction of intrinsic evidence depicting violence near the Senate doors would unduly impair the jury from its fact-finding mission: determining what Deborah experienced and committed on January 6.[3]

### 2) Evidence of Deborah's Association with the Proud Boys May Become Relevant.

In December 2020, while in Washington DC, Deborah posed for a photograph with more than a dozen Proud Boys, most of whom were equipped in tactical gear. The Proud Boys describe themselves as a "pro-Western fraternal organization for men who refuse to apologize for creating the modern world; aka Western Chauvinists" and have been involved in violent

---

[3] Co-Defendant Salvador Sandoval is also charged with obstruction of a law enforcement officer during a civil disorder in violation of 18 U.S.C. 231(a)(3). To prove the offense, the government must present evidence that a civil disorder existed. Deborah may request a limiting instruction for the presentation of any of this evidence, if necessary.



Unlike the photographs and video from January 6 cited above, the government concedes that the Proud Boys photograph is extrinsic evidence. Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Yet the rule permits such evidence for other purposes, including proof of motive, intent, knowledge, identity and absence of mistake. Fed. R. Evid. 404(b)(2). Indeed, "Rule 404(b) is a rule of inclusion rather than exclusion," *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000). "Rule 404(b) thus is not so much a character rule as a special aspect of relevance"

because it "does not prohibit character evidence generally, only that which lacks any purpose but proving character." *Id.* at 930.

Evidence of the defendant's association and support of the Proud Boys may become relevant at trial, if the defense opens the door. *See United States v. Payne-Owens*, No. 4:15-CR-00049, 2015 WL 13427699, at *2 (S. D. Iowa June 29, 2015) (admitting evidence of gang affiliation to show context of defendant's statements); *United States v. Kadir*, 718 F.3d 115, 122 (2d Cir. 2013) (admitting photos of defendant posing with machine guns to rebut defense portrayal of defendant as a peaceful and religious teacher); *United States v. Khalil*, 214 F.3d 111, 122 (2d Cir. 2000) (admitting photos of defendant wearing garb associated with violent militias to rebut defense portrayal of defendant as not posing a threat). Further, "the D.C. Circuit has emphasized that such evidence is particularly important when…a defendant intends to argue that he lacked the requisite *mens rea* to commit the charged offense." *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 181 (D.D.C. 2015). Therefore, the defendant's photo with the Proud Boys may be relevant at trial to show the defendant's intent or to rebut any suggestion that the defendant is unaware of or does not support the Proud Boys.

## Conclusion

The government respectfully requests that this Court deny, or, in the alternative, reserve ruling on, the Defendant's Motion in Limine.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

  */s/ Louis Manzo*
LOUIS MANZO
Special Assistant United States Attorney
MASSACHUSETTS Bar Number 688337
United States Attorney's Office

555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: 202-262-6570
 Email: LOUIS.MANZO@USDOJ.GOV

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this motion was served upon counsels of record for the defendants through the electronic court filing system, this 15th  day of March 2022.

By:  /s/    Louis Manzo
Louis Manzo
Special Assistant United States Attorney
Mass Bar 688337
555 4th Street, N.W.
Washington, D.C. 20530
(202) 262-6570
Louis.manzo@usdoj.gov