IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. 1:21-cr-00195 |
| | ) | |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| | ) | |
| DEBORAH SANDOVAL | ) | The Honorable Thomas F. Hogan |
| SALVADOR SANDOVAL, JR., | ) | |
| Defendant. | ) | |

**MOTION TO REQUIRE LAW ENFORCEMENT OFFICERS TO RETAIN ROUGH NOTES AND WRITINGS THAT MAY CONSTITUTE *BRADY* OR *JENCKS* MATERIALS**

AND NOW, to-wit, comes Defendant, Deborah Sandoval (hereinafter "Ms. Sandoval"), by and through her counsel, Komron Jon Maknoon, Esquire, and respectfully moves this Court for an Order requiring federal, state and local law enforcement officers to retain rough notes and writings that may constitute *Jencks* or *Brady* materials and in support thereof avers as follows:

1.  On March 9, 2021, Ms. Sandoval was indicted on alleged violations of 18 U.S.C. § 1512(c)(2) and 2 – Obstruction of an Official Proceeding and Aiding and Abetting, 18 U.S.C. § 1752(a)(1) – Entering and Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds, 40 U.S.C. § 5104(e)(2)(D) – Disorderly Conduct in a Capital Building, and §40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating, or Picketing in a Capital Building (*See* ECF Doc. No. 19).

2.  Ms. Sandoval was subsequently charged by a superseding indictment on December 17, 2021, with violating the same sections with the exception of 18 U.S.C. §

1

1512(c)(2) and 2 – Obstruction of an Official Proceeding and Aiding and Abetting (*See*

ECF Doc. No.38).

3. On March 16, 2022, undersigned counsel respectfully entered his appearance on behalf of Ms. Sandoval (*See* ECF Doc. No. 54).

4. Law enforcement officers routinely and initially create rough notes of the investigation being conducted, prior to reducing those notes to final written reports.

5. A prosecutor has the duty to learn of any favorable evidence known to other parties acting on the government's behalf in the case, including the police. [1]

6. As the D.C. Circuit Court of Appeals has previously explained, it is important for the government to preserve and produce any rough notes as they are potentially important *Brady* material and serve the purpose of allowing defense counsel to discover or pursue leads not apparent from the reports themselves.[2]

WHEREFORE, Ms. Sandoval respectfully requests that this Court enter an Order directing the Government to preserve rough notes and writings that may constitute *Brady* or *Jencks* materials and further direct that those notes and writings be provided to undersigned counsel when *Brady and Jencks* material[3] are disclosed.

Respectfully submitted,

*s/ Komron Jon Maknoon*
Komron Jon Maknoon, Esquire
PA I.D. NO. 90466

Maknoon & Associates, LLC
309 Smithfield Street, 4th Floor
Pittsburgh, PA 15222
(412) 201-1802

---

[1] See *Kyles v. Whitley*, 514 U.S. 419, 115 S. Ct. 1555 (1995).
[2] See *United States v. Andrews*, 382 U.S. App. D.C. 299, 532 F.3d 900 (2008); *United States v. Safavian*, 590 F. Supp. 2d 12 (D.D.C. 2008); *United States v. Harrison*, 173 U.S. App. D.C. 260, 524 F.2d 421 (1975).
[3] See related motions concerning disclosure of *Brady* and *Jencks* material.

(412) 774-8424 (FAX)

Attorney for Defendant, Deborah Sandoval