## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Docket No. 1:21-cr-00195 |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| DEBORAH SANDOVAL | ) | The Honorable Thomas F. Hogan |
| SALVADOR SANDOVAL, JR., | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S OMNIBUS OPPOSITION TO DEFENDANT DEBORAH SANDOVAL'S MOTIONS**

AND NOW, comes Defendant, Deborah Sandoval (hereinafter "Ms. Sandoval"), by and through her counsel, Komron Jon Maknoon, Esquire, and respectfully files the within reply to the government's opposition to her pretrial motions. In support thereof, Ms. Sandoval avers the following:

1. On March 9, 2021, Ms. Sandoval was indicted on alleged violations of 18 U.S.C. § 1512(c)(2) and 2 – Obstruction of an Official Proceeding and Aiding and Abetting, 18 U.S.C. § 1752(a)(1) – Entering and Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds, 40 U.S.C. § 5104(e)(2)(D) – Disorderly Conduct in a Capital Building, and §40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating, or Picketing in a Capital Building (*See* ECF Doc. No. 19).

2. Ms. Sandoval was subsequently charged by a superseding indictment on December 17, 2021, with violating the same sections with the exception of 18 U.S.C. § 1512(c)(2) and 2 – Obstruction of an Official Proceeding and Aiding and Abetting (*See* ECF Doc. No.38).

3. On March 16, 2022, undersigned counsel respectfully entered his appearance on behalf of Ms. Sandoval (*See* ECF Doc. No. 54).

4. On August 2, 2022, Assistant United States Attorney Louis Manzo ("AUSA Manzo") filed an Omnibus Opposition to Defendants Salvador Sandoval and Deborah Sandoval's Motions (*See* ECF Doc. No. 74), which included a response in opposition to Ms. Sandoval's "Motion for 404(b) Evidence" (*See* ECF Doc. No. 66), "Motion for Discovery and an Evidentiary Hearing in Support of Defendant's Claim of Selective Prosecution" (*See* ECF Doc. No. 67), "Motion for Discovery with Citation of Authority" (*See* ECF Doc. No. 68), "Motion for Early Disclosure of All 'Jencks Act' Material" (*See* ECF Doc. No. 69), "Motion to Require Law Enforcement Officers to Retain Rough Notes and Writings" (*See* ECF Doc. No. 70), "Motion to Compel the Government to Disclose Any Expert Witness" (*See* ECF Doc. No. 71), and "Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses" (*See* ECF Doc. No. 72).

5. Undersigned counsel respectfully responds to the Government's seven Responses in Opposition to Ms. Sandoval's Motions.

**Response to the Government's Opposition to Ms. Sandoval's Motion for 404(b) Evidence**

6. Undersigned counsel hereby incorporates paragraphs 1 through 5 as though fully set forth herein.

7. In its opposition to Ms. Sandoval's Motion for 404(b) Evidence (*See* ECF Doc. No. 66), the Government argues that evidence pertaining to consciousness of guilt is intrinsic to the charged offenses and does not implicate Federal Rule of Evidence 404(b).

8. The Government claims that the evidence pertaining to consciousness of guilt is intrinsic to the charged offenses because it arose out of the same transaction or series of

transactions as the charged offense, and it is necessary to complete the story of the crime at trial (*See* ECF Doc. No. 74 at 3 ¶3).

9. However, the D.C. Circuit has previously rejected the rule embraced by other circuits that evidence is intrinsic if it completes the story of the charged crime. *United States v. Khatallah*, No. 14-cr-00141 (CRC), 2017 U.S. Dist. LEXIS 227265 (D.D.C. Sep. 7, 2017); *United States v. McGill,* 421 U.S. App. D.C. 280, 815 F.3d 846 (2016); *United States v. Bowie*, 344 U.S. App. D.C. 34, 232 F.3d 923 (2000).

10. The D.C. Circuit Court explains that all relevant evidence explains the crime and completes the story to some extent. Therefore, "the fact that omitting some evidence would render a story slightly less complete cannot justify circumventing Rule 404(b)." *United States v. McGill*, 421 U.S. App. D.C. 280, 295, 815 F.3d 846, 861 (2016).

11. Thus, based on previous holdings of the D.C. Circuit Court, this Court should find that evidence pertaining to consciousness of guilt is not intrinsic to the charged offenses and therefore notice should be given pursuant to Federal Rule of Evidence 404(b).

**Response to the Government's Opposition to Ms. Sandoval's Motion for Discovery and an Evidentiary Hearing in Support of Defendant's Claim of Selective Prosecution**

12. Undersigned counsel hereby incorporates paragraphs 1 through 11 as though fully set forth herein.

13. In its opposition to Ms. Sandoval's Motion for Discovery and an Evidentiary Hearing in Support of Defendant's Claim of Selective Prosecution (*See* ECF Doc. No. 67), the Government argues that Deborah is not entitled to internal documents pertaining to her case because she has failed to adduce any evidence supporting her proposition of a selective prosecution claim.

14. While it is true that prosecutorial decisions have a "presumption of regularity," *United States v. Armstrong*, 517 U.S. 456, 464 (1996), prosecutorial discretion is subject to constitutional constraints. *Armstrong,* 517 U.S. at 464.

15. The Equal Protection Clause prohibits the federal government from selective enforcement against a citizen that amounts to a "practical denial" of equal protection of law," and a claim of "selective prosecution" guards against this illegality. *United States v. Armstrong*, 512 U.S. 456, 465 (1996) (quoting *Yick Wo v. Hopkins*, 118 U.S. 356, 373 (1886)).

16. In its response, the Government uses identical case law used in Ms. Sandoval's Motion for Discovery (*See* ECF Doc. No. 67 at 8-9) illustrating that to get discovery for a claim of selective prosecution, the defendant must initially produce some evidence tending to show the existence of the essential elements of selective prosecution: a discriminatory effect and a discriminatory intent. *United States v. Armstrong*, 517 U.S. at 468; *United States v. Bass*, 536 U.S. 862, 863 (2002).

17. Before discovery is permitted, a defendant must present "at least a colorable claim" of selective prosecution presenting "some evidence tending to show the existence of the essential elements" of selective prosecution. *Armstrong*, 517 U.S. at 468.

18. Contrary to the Government's claims, Ms. Sandoval has presented "at least a colorable claim" of selective prosecution by showing some evidence of the existence of the essential elements of selective prosecution.

19. First, Ms. Sandoval has used credible evidence, rather than personal conclusions based on anecdotal evidence, that Ray Epps was a similarly situated person as Ms. Sandoval who was not charged in connection with their actions, which meets the requirements of the first prong of a selective prosecution claim.

20. Contrary to the Government's argument that "the fact that any one person is not presently under indictment fails to demonstrate disparate treatment" (*See* ECF Doc. No. 74 at 4 ¶ 8), there are many other individuals who are similarly situated to Ms. Sandoval yet were not charged in connection with their actions.

21. For instance, on the FBI's Most Wanted List the individuals in Photograph #1, Photograph #2, Photograph #5, Photograph #9, Photograph #13, and many more are all people who have not been charged yet are similarly situated as Ms. Sandoval, which further meets the requirements of the first prong of a selective prosecution claim.[1]

22. In addition, there are more individuals on the Capitol Terrorist Attack website[2] who have yet to be identified but can be seen in photos and videos actively participating in the attack with the intent to obstruct an official proceeding. Some of these individuals include, #GogglesMan, #RedFace45, #RevPB, #ArMAGAGeddon, #SansPatriot, #BigGreenScream, and #BigJawBackwardsHat.[3]

23. Second, Ms. Sandoval has used credible evidence, rather than personal conclusions based on anecdotal evidence that the FBI's removal of Mr. Epps' image from the Most Wanted list and their failure to take any further action towards arresting him clearly illustrates a colorable claim of discriminatory intent towards individuals, like Ms. Sandoval, who were charged in January 6, 2021 cases.

24. Thus, Ms. Sandoval has made a colorable claim of both prongs of a selective prosecution claim warranting the release of discovery to support Ms. Sandoval's claim of selective prosecution.

---

[1] *See* https://www.fbi.gov/wanted/capitol-violence-images
[2] *See* https://jan6attack.com
[3] *See* https://jan6attack.com/individuals.html

25. Therefore, Ms. Sandoval respectfully requests that the Court grant the Motion for Discovery and an Evidentiary Hearing in Support of Ms. Sandoval's Claim of Selective Prosecution as it Relates to Counts Seven, Eight, Ten, and Eleven.

### **Response to the Government's Opposition to Ms. Sandoval's Motion for Discovery with Citation of Authority**

26. Undersigned counsel hereby incorporates paragraphs 1 through 25 as though fully set forth herein.

27. In its opposition to Ms. Sandoval's Motion for Discovery with Citation of Authority (*See* ECF Doc. No. 68), the Government claims that intervention is unnecessary because all discovery has been provided and obligations under Federal Rule of Criminal Procedure Rule 16 have been complied with to date.

28. There are generally two categories of individuals who potentially have a connection with the events of January 6, 2021, including 1) persons under investigation and 2) undercover law enforcement, paid informants, and government workers/agents.

29. It is Ms. Sandoval's understanding that individuals such as Ray Epps and others alike who had the intent of obstructing an official proceeding are still under investigation despite being easily identifiable through multiple videos and pictures.

30. The Government argues that there is no discriminatory effect or intent; however, if there is no selective prosecution claim, then Ms. Sandoval would like to know who these individuals are that are still under investigation considering they may be law enforcement or agents.

31. Thus, Ms. Sandoval and undersigned counsel ask the Government to provide all discovery pursuant to Federal Rule of Criminal Procedure Rule 16 regarding any undercover law enforcement, paid informants, government workers/agents and alike.

**Response to the Government's Opposition to Ms. Sandoval's Motion for Early Disclosure of All Jencks Material**

32. Undersigned counsel incorporates paragraphs 1 through 31 as though fully set forth herein.

33. In its opposition to Ms. Sandoval's Motion for Early Disclosure of All Jencks Material (*See* ECF Doc. No. 69), the Government argues that intervention to compel the discovery of all *Jencks* material thirty days prior to trial is unnecessary because the Government will provide any remaining *Jencks* two weeks before trial.

34. Contrary to the Government's claim, intervention to compel the discovery of all *Jencks* material thirty days prior to trial is necessary to allow Ms. Sandoval enough time to adequately prepare her defense and prepare for cross-examination.

35. Ms. Sandoval acknowledges that the trial judge has great discretion in setting deadlines such as these and will typically balance any potential dangers of early discovery against the Defendant's ability to use the materials effectively. *United States v. Daum*, 847 F. Supp. 2d 18, 21 (D.D.C. 2012).

36. Here, the interests of both Ms. Sandoval and the Government will be served by requiring the Government to disclose all *Jencks* material thirty days prior to trial.

37. Thus, Ms. Sandoval respectfully requests that this Court enter an Order directing the Government to disclose all *Jencks* material thirty days prior to trial.

**Response to the Government's Opposition to Ms. Sandoval's Motion to Require Law Enforcement Officers to Retain Rough Notes and Writings**

38. Undersigned counsel incorporates paragraphs 1 through 37 as though fully set forth herein.

39.     In its opposition to Ms. Sandoval's Motion to Require Law Enforcement Officers to Retain Rough Notes and Writings (*See* ECF Doc. No. 70), the Government argues that intervention to compel the discovery of handwritten *Jencks* material is unnecessary because the Government will provide any handwritten *Jencks* material two weeks before trial.

40.     However, intervention to compel the discovery of all rough notes and writings that may constitute *Brady* or *Jencks* material thirty days prior to trial is necessary to allow Ms. Sandoval enough time to use the material properly, to build a responsive defense theory, or effectively impeach a witness. *United States v. Andrews*, 382 U.S. App. D.C. 299, 532 F.3d 900 (2008).

41.     Thus, Ms. Sandoval respectfully requests that this Court enter an Order directing the Government to provide rough notes and writings. The courts have delineated the difference between *Brady* and *Jencks*. If this is *Brady* material, it is respectfully requested that this material be turned over immediately. However, if the rough notes and writings are being considered *Jencks* material, then we defer to your Honor's decision of when *Jencks* material will be disclosed.

### Response to the Government's Opposition to Ms. Sandoval's Motion to Compel the Government to Disclose Any Expert Witness

42.     Undersigned counsel incorporates paragraphs 1 through 41 as though fully set forth herein.

43.     In its opposition to Ms. Sandoval's Motion to Compel the Government to Disclose Any Expert Witness (*See* ECF Doc. No. 71), the Government argues that intervention is unnecessary because the Government does not plan to call an expert witness.

44.     To the extent that the Court disagrees that the FBI special agents who extracted and reviewed the digital device and social media account evidence may testify through lay-

witness testimony, Ms. Sandoval and undersigned counsel have the understanding that formal notice of an FBI Computer Analysis Response Team examiner under Federal Rule of Criminal Procedure Rule 16 will be provided by the Government (*See* ECF Doc. No. 74 at 8 ¶ 2).

**Response to the Government's Opposition to Ms. Sandoval's Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses**

45. Undersigned counsel incorporates paragraphs 1 through 44 as though fully set forth herein.

46. In its opposition to Ms. Sandoval's Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses (*See* ECF Doc. No. 72), the Government argues that intervention is unnecessary because the Government does not plan to call any civilian witness who has received government benefits.

47. Thus, Ms. Sandoval, undersigned counsel, and the Government are in agreement that the Government will not call to testify any witnesses with whom the Government has entered bargains or extended preferential treatment in return for their assistance or testimony in this case and/or other cases as well as the nature and extent of such bargain, preferential treatment, or promises.

Respectfully submitted,

*/s/ Komron Jon Maknoon*
Komron Jon Maknoon, Esquire
PA I.D. No. 90466

Maknoon & Associates, LLC
309 Smithfield St., 4th Floor
Pittsburgh, PA 15222
(412) 201-1802
(412) 774-8424 FAX

Attorney for Defendant, Deborah Sandoval